SHINN v MICHIGAN ASSIGNED CLAIMS FACILITY

Docket No. 324227. Submitted March 4, 2016, at Detroit. Decided
    March 29, 2016, at 9:15 a.m. Leave to appeal denied 500 Mich
    892.

 Kelli Shinn brought an action in the Wayne Circuit Court, seeking
    to recover personal protection insurance (PIP) benefits, MCL
    500.3105, under the no-fault act, MCL 500.3101 *et seq.*, for
    injuries she sustained in an automobile accident. Plaintiff owned
    a vehicle that she parked in the street in front of her house; she
    did not maintain insurance on the vehicle because it had recently
    been repaired, and she had not been operating it. Plaintiff was
    sitting in the passenger seat of the vehicle with part of her body
    also outside the vehicle when Robert Daniels hit the rear of her
    vehicle with the one he was driving, injuring plaintiff. The
    Michigan Assigned Claims Facility (MACF) assigned plaintiff's
    claim for benefits to Farmers Insurance Exchange. American
    Country Insurance Company (ACIC) insured Daniels's vehicle.
    The trial court, Brian R. Sullivan, J., granted summary disposi-
    tion in favor of ACIC and Farmers, concluding that plaintiff was
    not entitled to PIP benefits because she did not have security for
    the vehicle when the accident occurred as required by MCL
    500.3101(1) and MCL 500.3113(b). Plaintiff appealed.

 The Court of Appeals *held*:

 1. MCL 500.3105(1) provides that under PIP an insurer is
    liable to pay benefits for accidental injury arising out of the
    ownership, operation, maintenance or use of a motor vehicle as a
    motor vehicle. Under MCL 500.3106(1)(c), however, accidental
    bodily injury does not arise out of the ownership, operation,
    maintenance, or use of a parked vehicle as a motor vehicle unless
    the injury was sustained by a person while occupying, entering
    into, or alighting from the vehicle. In this case, the parked-car
    exclusion to eligibility for PIP benefits did not prohibit plaintiff's
    recovery of those benefits because the parties agreed that plaintiff
    occupied her vehicle for purposes of MCL 500.3106(1)(c) when the
    accident occurred.

 2. To be eligible for the payment of PIP benefits, MCL
    500.3101(1) requires the owner or registrant of a motor vehicle to
    maintain security for the payment of those benefits, but the

security must only be in effect during the period the motor vehicle is driven or moved upon a highway. For purposes of MCL 500.3101(1), the term "period" means the completion of a cycle, a series of events, or a single action. Under MCL 500.3113(b), a person is not entitled to PIP benefits for accidental bodily injury if, at the time of the accident, the person who was the owner or registrant of the motor vehicle in the accident did not have the security required by MCL 500.3101(1). The trial court erred by granting summary disposition in favor of ACIC and Farmers on the basis that plaintiff lacked security for the vehicle when the accident occurred. Under MCL 500.3101(1), plaintiff was not required to have security on the vehicle during the period the motor vehicle was not driven or moved upon the highway; security was not required because, at the time of the accident, the vehicle had not been driven or moved on a highway for several days after being repaired and returned to the street in front of her house.

3. In terms of the order of priority for claiming PIP benefits, MCL 500.3114(4) requires a person suffering accidental bodily injury arising from a motor vehicle accident while an occupant of a motor vehicle to first claim PIP benefits from the insurer of the owner or registrant of the vehicle occupied and second from the insurer of the operator of the vehicle occupied. ACIC was entitled to summary disposition of plaintiff's PIP-benefits claim because it was not in the order of priority of responsible insurers under MCL 500.3114(4); ACIC was the insurer of the vehicle that hit plaintiff's vehicle—it was not the insurer of the vehicle plaintiff occupied during the accident, and there was no operator of the vehicle. Farmers was not entitled to summary disposition under MCL 500.3114(4) because it was the insurer of last priority as the insurer assigned the claim by the MACF.

Affirmed in part, reversed in part, and remanded.

INSURANCE — NO FAULT — PERSONAL PROTECTION INSURANCE — SECURITY.

To be eligible for the payment of personal protection insurance benefits for accidental bodily injury arising out of a motor vehicle accident, MCL 500.3101(1) and MCL 500.3113(b) of the no-fault act, MCL 500.3101 *et seq.*, require that the owner or registrant of the motor vehicle maintain security on the motor vehicle; the security only needs to be in effect during the period the motor vehicle is driven or moved upon a highway.

*Law Office of Carl L. Collins III* (by *Carl L. Collins III*) for Kelli Shinn.

*Liedel Law Group* (by *William J. Liedel* and *Ryan C. Moloney*) for American Country Insurance Company.

*McDonald Pierangeli MacFarlane, PLLC* (by *David M. Pierangeli*), for Farmers Insurance Exchange.

Before: RONAYNE KRAUSE, P.J., and JANSEN and STEPHENS, JJ.

RONAYNE KRAUSE, P.J. In this action brought under the no-fault act, MCL 500.3101 *et seq.*, plaintiff, Kelli Shinn, appeals as of right the trial court's order granting summary disposition of her claim for personal protection insurance (PIP) benefits, MCL 500.3105, in favor of defendants American Country Insurance Company (ACIC) and Farmers Insurance Exchange.[1] We affirm in part, reverse in part, and remand.

The facts in this case are not, at least for purposes of the instant summary disposition motion, disputed. Plaintiff owned a vehicle that at the time of the accident was not insured or operating. The vehicle was parked on the street in front of her house. During a walk with her baby, plaintiff opened the door to the vehicle and sat in the passenger seat; she was partially inside and partially outside the vehicle. While plaintiff was seated and partially inside the vehicle, Robert Daniels drove another car into the rear of plaintiff's vehicle. For purposes of the instant motion, there is no dispute that plaintiff was injured.[2] Likewise, there is no dispute that plaintiff was "occupying" the vehicle within the meaning of MCL 500.3106(1)(c). At issue is

---

[1] Plaintiff and Farmers agreed to the dismissal of the Michigan Assigned Claims Facility as a party to the action after plaintiff filed her first amended complaint.

[2] Defendants note that they do challenge the extent of plaintiff's injuries but concede that dispute is not before us at this time.

whether she is entitled to PIP benefits from either defendant. Farmers is the insurer assigned to plaintiff's claim by the Michigan Assigned Claims Facility (MACF),[3] and ACIC is the insurer of Daniels's vehicle.

The trial court granted summary disposition pursuant to MCR 2.116(C)(10), which tests the factual sufficiency of the complaint. *Urbain v Beierling*, 301 Mich App 114, 122; 835 NW2d 455 (2013). We review de novo decisions on motions for summary disposition. *Maiden v Rozwood*, 461 Mich 109, 118; 597 NW2d 817 (1999).

> In evaluating a motion for summary disposition brought under Subrule (C)(10), a reviewing court considers affidavits, pleadings, depositions, admissions, and other evidence submitted by the parties in the light most favorable to the party opposing the motion. Summary disposition is properly granted if the proffered evidence fails to establish a genuine issue regarding any material fact and the moving party is entitled to judgment as a matter of law. [*Klein v HP Pelzer Auto Sys, Inc*, 306 Mich App 67, 75; 854 NW2d 521 (2014) (citations omitted).]

"Interpretation of a statute or court rule constitutes a question of law that is also reviewed de novo." *Silich v Rongers*, 302 Mich App 137, 143; 840 NW2d 1 (2013). "When a statute's language is clear and unambiguous, we must apply the terms of the statute to the circumstances of the particular case . . . and we will not read words into the plain language of the statute." *PIC Maintenance, Inc v Dep't of Treasury*, 293 Mich App 403, 410-411; 809 NW2d 669 (2011).

We note initially that plaintiff has not provided this Court with a transcript of the summary disposition motion hearing, nor has a certificate been filed by the court reporter verifying that the transcript has even

---

[3] The Michigan Assigned Claims Facility has been succeeded by the Michigan Automobile Insurance Placement Facility. See MCL 500.3171.

been ordered. Plaintiff is therefore in violation of MCR 7.210(B)(1)(a), which constitutes a waiver of the issue. *People v Wilson*, 196 Mich App 604, 615; 493 NW2d 471 (1992). Nevertheless, because of the importance and meritoriousness of the issue raised and because our review is de novo and therefore not dependent on the trial court's reasoning, we will not punish plaintiff for her counsel's neglect, and we choose to consider the matter. See *Steward v Panek*, 251 Mich App 546, 554; 652 NW2d 232 (2002).

"Under personal protection insurance an insurer is liable to pay benefits for accidental bodily injury arising out of the ownership, operation, maintenance or use of a motor vehicle as a motor vehicle, subject to the provisions of this chapter." MCL 500.3105(1). Defendants argued below, and the trial court presumably accepted, that pursuant to MCL 500.3113(b) and MCL 500.3101(1), because plaintiff was occupying an uninsured, parked vehicle, she was not entitled to PIP benefits; ACIC further argues that it was entitled to summary disposition because it was not an insurer listed in the order of priority under MCL 500.3114(4)(a).

The parties rely on authority involving parked cars, but critically the statutory provisions cited in those cases have since been amended. The pinnacle case is *Heard v State Farm Mut Auto Ins Co*, 414 Mich 139; 324 NW2d 1 (1982). In *Heard*, the plaintiff's uninsured vehicle was parked at a gas station and the plaintiff was outside that vehicle pumping his gas when another vehicle insured by State Farm struck him and pinned him against his vehicle. In analyzing whether the plaintiff could collect PIP benefits from State Farm, the threshold question was whether the uninsured vehicle was involved in the accident for purposes

of MCL 500.3113(b). At the time *Heard* was decided, MCL 500.3113, as added by 1972 PA 294, provided:

> A person is not entitled to be paid personal protection insurance benefits for accidental bodily injury if at the time of the accident any of the following circumstances existed:
>
> (a) The person was using a motor vehicle which he had taken unlawfully, unless he reasonably believed that he was entitled to take and use the vehicle.
>
> (b) The person was the owner or registrant of a motor vehicle *involved in the accident* with respect to which the security required by subsections (3) and (4) of section 3101 was not in effect.
>
> (c) The person was not a resident of this state, was an occupant of a motor vehicle not registered in this state and was not insured by an insurer which has filed a certification in compliance with section 3163. [Emphasis added.]

At that time, MCL 500.3101(1), as amended by 1977 PA 54, provided, "The owner or registrant of a motor vehicle required to be registered in this state shall maintain security for payment of benefits under personal protection insurance, property protection insurance, and residual liability insurance. Security shall be in effect continuously during the period of registration of the motor vehicle."

The *Heard* Court, 414 Mich at 144-145, ruled that a parked car was only involved in an accident if one of the exceptions to the parked-vehicle provision in MCL 500.3106 applied. At that time, MCL 500.3106(1) as amended by 1981 PA 209, provided:

> (1) Accidental bodily injury does not arise out of the ownership, operation, maintenance, or use of a parked vehicle as a motor vehicle unless any of the following occur:

(a) The vehicle was parked in such a way as to cause unreasonable risk of the bodily injury which occurred.

(b) Except as provided in subsection (2), the injury was a direct result of physical contact with the equipment permanently mounted on the vehicle, while the equipment was being operated or used, or property being lifted onto or lowered from the vehicle in the loading or unloading process.

(c) Except as provided in subsection (2) for an injury sustained in the course of employment while loading, unloading, or doing mechanical work on a vehicle, the injury was sustained by a person while occupying, entering into, or alighting from the vehicle.[4]

The Court concluded that none of the exceptions applied, and therefore the uninsured vehicle was not involved in the accident for purposes of the exclusion in MCL 500.3113(b). *Heard*, 414 Mich at 144-145. It reasoned that when a parked vehicle was neither involved in the accident nor being used as a motor vehicle at the time of the accident—but was more like any other stationary object that could be hit by a car, such as a tree, sign post, or boulder—the owner of the uninsured vehicle was not precluded from benefits. *Id.* at 148. Without discussing whether any security was actually required under MCL 500.3101, our Supreme Court concluded that summary disposition under the exclusion in MCL 500.3113(b) was inappropriate.

The parties also rely on two more recent cases, which are more factually similar to the instant case because the plaintiffs in those cases were occupying the vehicle, and were not outside the vehicle as in

---

[4] MCL 500.3106 is substantially similar today. However, Subsection (1)(c) no longer makes specific reference to injuries sustained in the course of employment, but rather only generally refers to Subsection (2): "Except as provided in subsection (2), the injury was sustained by a person while occupying, entering into, or alighting from the vehicle."

*Heard*. In *Childs v American Commercial Liability Ins Co*, 177 Mich App 589, 591; 443 NW2d 173 (1989),[5] the plaintiff was sitting on the bed of his parked truck, waiting for it to be repaired, when another vehicle driving on the street struck a vehicle parked behind the plaintiff's truck, which in turn hit the plaintiff's truck, resulting in injuries to the plaintiff. The plaintiff's truck was uninsured, but American Commercial insured another vehicle owned by the plaintiff. *Id*. This Court ruled that sitting on the back of a pickup truck was "identifiable with the use of the truck as a motor vehicle," and therefore the plaintiff was occupying it for purposes of MCL 500.3106. *Id*. Without discussing whether any security was actually required under MCL 500.3101,[6] the Court ruled that the plaintiff was therefore excluded from PIP benefits under MCL 500.3113(b). *Id*.

In *Adams v Citizens Ins Co of America*, unpublished opinion per curiam of the Court of Appeals, issued March 4, 2010 (Docket No. 290037), p 1,[7] the plaintiff

---

[5] *Childs* is not binding on this Court because it was decided before November 1, 1990. MCR 7.215(J)(1).

[6] Even if *Childs* had discussed security requirements in relation to MCL 500.3101, it would have applied a version of the statute that no longer exists and therefore would have had no relevance to our analysis of the facts in this case. The accident in *Childs* occurred on September 26, 1986, at which time MCL 500.3101(1) provided in relevant part, "Security shall be in effect continuously during the period of registration of the motor vehicle." 1984 PA 84, effective April 19, 1984. Subsequently, that statutory provision was amended to provide in relevant part, "Security shall only be required to be in effect during the period the motor vehicle is driven or moved upon a highway." 1987 PA 168, effective November 9, 1987. In other words, *Childs* is not relevant authority regarding the requirement to maintain insurance under MCL 500.3101(1) because the critical portion of that statute was substantially amended after the relevant date in that case.

[7] *Adams* is an unpublished opinion and is not binding under the rule of stare decisis. MCR 7.215(C)(1). Additionally, consideration of unpub-

was injured when a vehicle driving on the road lost control and struck the uninsured vehicle of the plaintiff's mother; the plaintiff was sitting in the parked vehicle in their driveway when the accident occurred. The plaintiff filed a claim for PIP benefits with the MACF, and the claim was assigned to the defendant. *Id*. The trial court granted the defendant's motion for summary disposition. On appeal, the plaintiff's primary argument was that there was a question of fact regarding whether he was an "owner" under MCL 500.3113(b), which this Court rejected. *Id*. at 2-3. The plaintiff also asserted that he was not "involved in the accident" for purposes of MCL 500.3113(b), but this Court also rejected that argument. *Id*. at 3. Relying on *Heard* and *Childs*, this Court referred to MCL 500.3106(1)(c) to conclude that because the plaintiff was occupying the parked vehicle, he was "involved in the accident" as a matter of law. *Id*. at 3. Again, in *Adams* this Court did not cite or analyze MCL 500.3101 to determine whether any security was actually required.

In this case, the parties do not appear to dispute that plaintiff's uninsured vehicle was involved in the accident for purposes of MCL 500.3113(b) because they all agree that plaintiff was occupying it under MCL 500.3106(1)(c). Instead, plaintiff raises an argument that was not addressed in *Heard*, *Childs*, or *Adams*. Specifically, plaintiff argues that under MCL 500.3101 she was not required to maintain security for payment of PIP benefits because the vehicle was not being "driven or moved upon a highway." Neither defendant has specifically responded to this argument.

lished cases is disfavored, but we consider *Adams* here because of the extensive reliance already placed on it by the parties and because of the dearth of other relevant caselaw, binding or not.

In *Heard,* our Supreme Court explained that the disqualification of an uninsured owner from entitlement to no-fault benefits is not absolute. *Heard,* 414 Mich at 145. MCL 500.3113(b) currently provides:

> A person is not entitled to be paid personal protection insurance benefits for accidental bodily injury if at the time of the accident any of the following circumstances existed:
>
>                    *   *   *
>
> (b) The person was the owner or registrant of a motor vehicle or motorcycle involved in the accident with respect to which the security required by section 3101 or 3103 was not in effect.

After *Heard* was decided, the Legislature amended MCL 500.3101(1). 1987 PA 168. Previous versions of the statute provided, "Security shall be in effect continuously during the period of registration of the motor vehicle." MCL 500.3101(1), as added by 1972 PA 294. See also MCL 500.3101(1), as amended by 1984 PA 84. This language suggests that the security was required regardless of whether the vehicle was being driven or parked. Under 1987 PA 168 and the current version of the statute, continuous coverage is no longer required during the period of registration of the motor vehicle.[8] Rather, "[s]ecurity is only required to be in effect during the period the motor vehicle is driven or moved on a highway." MCL 500.3101(1), as amended by 1987 PA 168. See also MCL 500.3101(1), as amended by 1988 PA 126, 1988 PA 241, and 2014 PA 492.

Plaintiff argues that she was not driving her vehicle at the time of the accident because it had just been repaired and was uninsured. She therefore argues that

---

[8] See note 6 of this opinion.

she was not required to maintain the security under the current version of MCL 500.3101(1). The term "period" is defined as "the completion of a cycle, a series of events, or a single action." *Merriam-Webster's Collegiate Dictionary* (11th ed). Because any driving or movement on a highway was completed several days before the accident when plaintiff's vehicle was moved from the repair shop to 4th Street where it was parked at the time of the accident, we agree with plaintiff's argument that security was not required at that time.[9] Therefore, PIP benefits should not have been excluded under MCL 500.3113(b) and MCL 500.3101(1).

However, we agree with ACIC's argument that it was nevertheless entitled to summary disposition on the basis of MCL 500.3114, which governs the priority of insurer responsibility for PIP benefits. MCL 500.3114(4) provides:

> (4) Except as provided in subsections (1) to (3), a person suffering accidental bodily injury arising from a motor vehicle accident while an occupant of a motor vehicle shall claim personal protection insurance benefits from insurers in the following order of priority:
>
> (a) The insurer of the owner or registrant of the vehicle occupied.
>
> (b) The insurer of the operator of the vehicle occupied.

Again, the parties agree that plaintiff was an occupant of her vehicle when the accident occurred. ACIC was the insurer of the vehicle that struck plaintiff's vehicle, not the insurer of the owner or registrant of plaintiff's vehicle. MCL 500.3114(4)(a). Because there was no operator of plaintiff's vehicle, ACIC was not the insurer

---

[9] Under the present procedural posture of the case, we presume the facts are as stated by plaintiff and certainly nothing in defendants' briefs suggests otherwise. However, we do not make any decision to that effect at this time.

under MCL 500.3114(4)(b), and ACIC was entitled to summary disposition. See *Allstate Ins Co v Dep't of Mgt & Budget*, 259 Mich App 705, 715; 675 NW2d 857 (2003) (stating that when an insurer is neither the insurer of the owner or registrant nor the insurer of the operator as set forth in MCL 500.3114, summary disposition should be granted), superseded in part on other grounds by 2008 PA 241, which amended MCL 500.3101. Farmers, in contrast, as the insurer assigned by the MACF, is the insurer of last priority and was not entitled to summary disposition under MCL 500.3114. See *Hunt v Citizens Ins Co*, 183 Mich App 660, 666; 455 NW2d 384 (1990).

We therefore affirm the grant of summary disposition in favor of ACIC, but we reverse the grant of summary disposition in favor of Farmers and remand for further proceedings consistent with this opinion. In view of plaintiff's unexcused failure to file the mandatory transcript with this Court, we direct that both defendants may nevertheless tax costs. MCR 7.219(A). We do not retain jurisdiction.

JANSEN and STEPHENS, JJ., concurred with RONAYNE KRAUSE, P.J.